UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER WITH WASHINGTON MUTUAL BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET ANN WORRELL, JOHN WORRELL, and DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 14-CV-00098-LHK<br><br>ORDER GRANTING MOTION TO REMAND |

Plaintiff JP Morgan Chase Bank, N.A. ("Chase") originally filed this unlawful detainer action against Defendants Margaret and John Worrell ("the Worrells") in Santa Clara County Superior Court ("state court") on April 10, 2012. *See* ECF No. 15. The Worrells have previously removed the case to federal court twice, and both times the Court has found a lack of federal jurisdiction and remanded. ECF No. 18-1, Ex. 4; ECF No. 18-1, Ex. 7. The Worrells removed the action for a third time on January 7, 2014. *See* ECF No. 1. Before the Court is Chase's Motion to Remand, which was filed on May 30, 2014. *See* ECF No. 18.[1] The Worrells have not filed an opposition. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for

---

[1] Chase requested judicial notice of several court documents related to the Worrells' first two removals and the related remand orders. *See* ECF No. 18-1. The Court grants this request. *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (holding that judicial records are judicially noticeable).

1

Case No.: 14-CV-00098-LHK
ORDER GRANTING MOTION TO REMAND

1  determination without oral argument and hereby VACATES the hearing set for September 4, 2014.

2  For the reasons stated herein, the Court GRANTS Chase's Motion to Remand.

## I.   BACKGROUND

On January 7, 2014, the Worrells filed their most recent Notice of Removal of the unlawful detainer action in this Court. *See* ECF No 1. However, in contravention of the removal statute, the Worrells failed to include the complaint that initiated the underlying state court detainer action.[2] *See* 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders* served upon such defendant or defendants in such action." (emphasis added)). At a Case Management Conference on May 14, 2014, the Court noted the Worrells' failure to do so and ordered Chase to file the state court complaint in the instant action. *See* ECF No. 14. Chase did so on May 15, 2014. *See* ECF No. 13.

Chase had originally filed the complaint in state court on April 10, 2012 against Margaret Worrell. *See id.* at 8. Chase alleged that Chase owns the property located at 3638 Gavota Avenue, San Jose, CA 95124. *Id*. Chase further alleged that it had acquired ownership of the property at a trustee's sale on December 11, 2011. *Id.* at 9. Chase also contended that despite Chase's ownership, Margaret Worrell has "continue[d] in possession of the Property, willfully and without [Chase's] consent." *Id.* at 10.

In its complaint, Chase further alleged that Chase had served a written notice to Margaret Worrell, requiring Margaret Worrell "to quit possession of the property and deliver the procession to [Chase]." *Id.* at 10. In addition, Chase stated that more than ninety days had elapsed since the service but that Margaret Worrell had failed, and continued to fail, to deliver possession of the property. *Id.* at 10. Thus, Chase contended that Margaret Worrell violated California Code of Civil Procedure § 1161. *Id.* at 10. In the complaint, Chase sought "immediate possession" of the

---

[2] This is despite the fact that the Court had noted in a previous order remanding this case to state court that the Worrells "failed to include the complaint which initiated the underlying state court detainer action" in their notice of removal. See ECF No. 18-1, Ex. 7 at 2.

2
Case No.: 14-CV-00098-LHK
ORDER GRANTING MOTION TO REMAND

1  property; "damages of $60.00 . . . for each day that defendant(s) continue in possession thereof

2  without Plaintiff's permission"; and costs incurred in connection with the suit. *Id.* at 11.

3  The Worrells[3] removed the instant action for the third time on January 7, 2014.[4] *See* ECF

4  No. 1. In their Notice of Removal, the Worrells contend that because the Worrells had filed for

5  bankruptcy immediately prior to the sale of the property, the trustee who sold the property to Chase

6  sold the property "in violation of the automatic stay" that is "created upon the filing of the

7  [bankruptcy] case." *Id.* at 2. This premature sale, the Worrells assert, was in violation of 11 U.S.C.

8  § 362(a). *See id.* at 2. The Worrells appear to frame their automatic stay claim as both a defense to

9  Chase's unlawful detainer action as well as a counterclaim that entitles them to damages. *See id.* at

10  2-5. The Worrells first contend that the "sale in violation of the automatic stay is void ab initio." *Id.*

11  at 2. Later, the Worrells contend that because Chase "usurp[ed] the title to the property" the

12  Worrells should receive "payment of $700,000," which the Worrells determine to be "the full value

13  of the property in question." *Id.* at 5. The Worrells argue that this automatic stay claim provides the

14  basis for removal under either supplemental or diversity jurisdiction. *Id.*

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had original subject matter jurisdiction over the claims. 28 U.S.C. § 1441(a). There are two independent bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d

---

[3] It is not clear from the record whether John Worrell was a party in the state court action.
[4] The history of the first two removals and remands is detailed in this Court's prior order remanding the matter to state court. *See* ECF No. 18-1, Ex. 7. By way of summary, the first case was filed by Margaret Worrell in federal court. *Id.* at 3. She amended her complaint to add a notice of removal of the same state court action as that at issue in the instant case on August 31, 2012. *Id.* Magistrate Judge Paul Grewal filed a report and recommendation that suggested denying Margaret Worrell's *in forma pauperis* application and remanding to state court. *Id.* The Court adopted Judge Grewal's report in its entirety and remanded to state court on December 17, 2012. *Id.* at 4-5. On January 23, 2013, the Worrells again removed the action to this Court. *Id.* at 2. Chase filed a Motion to Remand, to which the Worrells filed no opposition. *Id.* at 2. On July 31, 2013, this Court granted the motion to remand. *Id.* at 6.

3
Case No.: 14-CV-00098-LHK
ORDER GRANTING MOTION TO REMAND

1083, 1087 (9th Cir. 2009). Consequently, "[t]he defendant bears the burden of establishing that removal is proper," *id.*, and "any doubt about the right of removal requires resolution in favor of remand," *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III.   DISCUSSION

The Worrells contend, in their Notice of Removal, that the Court has subject matter jurisdiction over Chase's underlying state court detainer action based on diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. *See* ECF No. 1 at 1-5. For the reasons stated below, the Court finds that the Court lacks diversity jurisdiction, supplemental jurisdiction, or any other basis for subject matter jurisdiction over the unlawful detainer action. Consequently, the Court GRANTS Chase's Motion to Remand.

### A.   **Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, defendants seeking removal must show that they and the plaintiff are not residents of the same state and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In addition, pursuant to 28 U.S.C. § 1441(b), a defendant who is a state resident cannot remove a civil action to a federal court in his state of residence based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2). The Worrells identify their home address as 3638 Gavota Avenue, San Jose, CA 95124. ECF No. 1 at 1. As Defendants who are California residents, the Worrells cannot remove this civil action to federal court based on diversity jurisdiction.

Moreover, the Worrells fail to allege Chase's residency anywhere in their Notice of Removal. *See* ECF No. 1. As the Worrells have failed to even allege that the Worrells and Chase are not residents of the same state, the Worrells cannot remove the instant action based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2).

### B.   **Federal Question Jurisdiction**

4

Case No.: 14-CV-00098-LHK
ORDER GRANTING MOTION TO REMAND

The Worrells have not explicitly alleged federal question jurisdiction. Nevertheless, the Court briefly notes that federal question jurisdiction also does not provide a basis for removal in this case.[5]

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). It is well-settled that a case may not be removed to federal court on the basis of a federal defense. *See id.*; *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.").

Here, Chase's case is grounded in California state law. *See* ECF No. 13. The complaint in the underlying state court detainer action asserts only a single cause of action for unlawful detainer based on the California Code of Civil Procedure § 1161(a). *See id*. As Chase does not allege a federal claim for relief, removal based on federal question jurisdiction is improper. *See Litton Loan Servicing, L.P. v. Villegas*, Case No. 10-05478, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction); *Partners v. Gonzalez*, Case No. 10-02598, 2010 WL 3447678, at *2-3 (N.D. Cal. Aug. 30, 2010) (same).

Nevertheless, the Worrells contend that because the Worrells had filed for bankruptcy immediately prior to the sale of the property, the trustee (who sold the property to Chase) sold the property "in violation of the automatic stay" that is "created upon the filing of the [bankruptcy] case." ECF No. 1 at 2. This premature sale, the Worrells allege, was in violation of 11 U.S.C. § 362(a). *See* ECF No. 1 at 2. The Worrells appear to frame this as both a defense to Chase's unlawful detainer action as well as a counterclaim that entitles them to damages. *See id.* at 2-6. Whether construed as a counterclaim or as a defense, the Worrells' argument does not confer this

---

[5] In Worrells' Notice of Removal, the Worrells contend that removal is proper under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). *See* ECF No. 1. However, the Worrells seem to raise a federal counterclaim. *See id.* at 2. Consequently, the Court addresses federal question as a basis for subject matter jurisdiction as well.

5
Case No.: 14-CV-00098-LHK
ORDER GRANTING MOTION TO REMAND

Court with subject matter jurisdiction under 28 U.S.C. § 1331. *See Vaden*, 556 U.S. at 60 ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002))); *Franchise Tax Bd.*, 463 U.S. at 10 (holding that a federal defense is insufficient to confer federal subject matter jurisdiction).

Accordingly, this Court does not have federal question jurisdiction over the instant case and thus removal based on federal question jurisdiction is improper.

### C. Supplemental Jurisdiction

Section 1367(a) authorizes a Court to exercise supplemental jurisdiction over state law claims when the Court has original jurisdiction over claims in the same action. *See* 28 U.S.C. § 1367 ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy."). In the Notice of Removal, the Worrells contend that the Court should exercise supplemental jurisdiction because "the Plaintiff violated US Bankruptcy law." ECF No. 1 at 5. However, the Court may only extend supplemental jurisdiction in a "civil action of which the district courts have original jurisdiction." *See* 28 U.S.C. § 1367. For the reasons stated above, this Court does not have original jurisdiction over the unlawful detainer action. Therefore, the Court cannot exercise supplemental jurisdiction over the instant action and thus removal based on supplemental jurisdiction is improper.

## IV. CONCLUSION

Because the Court finds that it lacks diversity jurisdiction, federal question, or supplemental jurisdiction, the Court GRANTS Chase's Motion to Remand. The Court further admonishes the Worrells that any future non-meritorious attempts to remove this unlawful detainer action to federal court or failure to oppose motions may result in sanctions. The matter is remanded to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: August 7, 2014

_____
LUCY H. KOH
United States District Judge

6

Case No.: 14-CV-00098-LHK
ORDER GRANTING MOTION TO REMAND